UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOSEPH GARCIA,

                              Plaintiff,

                                                                       <u>DECISION AND ORDER</u>

                                                                         08-CV-6079L

                      v.

DONALD SELSKY,
Director of Special Housing Unit
and Disciplinary Hearings,

                              Defendant.
_____

Plaintiff, Joseph Garcia, appearing *pro se*, commenced this action pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), asserts a claim against Donald Selsky, the DOCS Director of Special Housing/Inmate Disciplinary Program, arising out of certain events that occurred during 2004 and 2005, while plaintiff was confined at Attica Correctional Facility.

Defendant has moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint, on the ground that plaintiff has failed to allege facts demonstrating Selsky's personal involvement in the alleged constitutional violations. Plaintiff has cross-moved for summary judgment.

On January 29, 2010, the Court issued a Decision and Order giving the parties to this action notice of the Court's intention to convert defendant's motion to dismiss to a motion for summary judgment under Rule 56. The Court gave both sides additional time to file further submissions pertinent to defendant's motion. Dkt. #20.

Pursuant to that Decision and Order, defendant has filed a motion for summary judgment, along with papers in support of that motion. Dkt. #24. Plaintiff has not filed any additional papers.

## DISCUSSION

Plaintiff alleges that in March 2004, he was issued a misbehavior report charging him with certain infractions. After a hearing, he was found guilty and sentenced to nine months' confinement in the Special Housing Unit ("SHU") at Attica, along with concomitant loss of privileges and good time credit.

Plaintiff filed an administrative appeal, alleging various due process violations at his hearing. Selsky affirmed the hearing officer's disposition on June 22, 2004. Dkt. #24-3 at 16.

Plaintiff then filed an Article 78 proceeding in state court challenging the result of his hearing. While that action was pending, Selsky issued a second decision on or about March 20, 2005, this time reversing the guilty finding. That decision effectively mooted plaintiff's Article 78 petition, and no decision on the merits was ever reached in state court.

Plaintiff commenced this action in 2008, naming Selsky as the only defendant. He alleges that his due process rights were violated in connection with the disciplinary proceedings, and that

Selsky was personally involved in that violation because of his initial affirmance of the hearing officer's decision. Plaintiff also alleges that by the time Selsky changed course and reversed the guilty finding, plaintiff has already served his nine-month SHU sentence. He also alleges that the guilty finding caused the parole board to deny plaintiff's application for parole in December 2004.

Selsky's original motion to dismiss was based on his assertion that plaintiff had not demonstrated Selsky's personal involvement in the alleged constitutional deprivation. A plaintiff asserting a § 1983 claim against a supervisory official in his individual capacity must allege, and ultimately prove, that the supervisor was personally involved in the violation of his constitutional rights. *Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 254 (2d Cir. 2001); *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001).

In his recently filed papers in support of his motion for summary judgment, Selsky has broadened the basis for his motion. He now seeks summary judgment on the additional grounds that there was no underlying constitutional violation during plaintiff's disciplinary proceedings, that there is no evidence that Selsky violated plaintiff's constitutional rights, and that Selsky is entitled to qualified immunity.

In support of those arguments, Selsky has submitted a copy of a Memorandum and Judgment issued by New York State Supreme Court Justice Mark H. Dadd on April 6, 2005 (Dkt. #24-3 at 13-14), stating that DOCS "concede[d] that a complete hearing transcript cannot be prepared and request[ed] that a new hearing be directed as a remedy ... ." Dkt. #24-3 at 13. The record further shows that on April 18, 2005, Selsky issued an administrative decision reversing the hearing officer's disposition "pursuant to State Supreme Court decision due to incomplete record," and directing the

superintendent of the facility in which plaintiff was then held to "conduct [a] rehearing within 14 days of receipt of this notice." *Id.* at 10.¹ Selsky also sent a memorandum to the Inmate Records Coordinator at the facility stating that "[t]he records related to the reversed hearing should be expunged. However, the original misbehavior report and other documentary evidence which may be utilized in the rehearing do not have to be expunged." *Id.* at 9.

All that the record shows, then, is that in plaintiff's Article 78 proceeding, DOCS conceded, in effect, that the result of the first hearing should be reversed due to the lack of a complete transcript.² Contrary to plaintiff's assertions in his Rule 56 Statement, the record does *not* show, or even suggest, that "Selsky did acknowledge the due process violations at [plaintiff's] superintendent hearing ... ." Dkt. #13 at 7 ¶ 15.

Thus, there is no indication in the record, as plaintiff suggests, that Selsky was aware of constitutional violations that had occurred at the hearing, and that he reversed simply to avoid what he knew would be an adverse decision in state court. *See Johnson v. Goord*, 487 F.Supp.2d 377, 391, 401 (S.D.N.Y. 2007) (noting that before the Court of Claims heard inmate's case, Selsky administratively reversed underlying determination "due to incomplete hearing record. Transcript cannot be made from hearing tape," and dismissing claim against Selsky, stating that fact that Selsky originally denied plaintiff's administrative appeal did not show bias on his part).

---

¹There is no indication that a rehearing was ever held, perhaps because plaintiff had already served his full sentence on the first hearing.

²Selsky was not a party to plaintiff's Article 78 proceeding. The respondent in that proceeding was the then-commissioner of DOCS, Glenn Goord, who was presumably named in his official capacity, since there is no indication that he had anything to do with plaintiff's disciplinary proceedings.

In addition, regardless of whether plaintiff could state a facially valid claim with respect to the original hearing itself, Selsky would be entitled to summary judgment on the ground of qualified immunity. Qualified immunity shields public officials "from civil damages liability insofar as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known,' *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982), or insofar as 'it [is] objectively reasonable for them to believe that their acts d[o] not violate those rights,' *Velardi v. Walsh*, 40 F.3d 569, 573 (2d Cir. 1994)." *Simms v. Village of Albion*, 115 F.3d 1098, 1106 (2d Cir. 1997); *accord Brown v. City of Oneonta*, 106 F.3d 1125, 1130-31 (2d Cir.1997). "The matter of whether a right was clearly established at the pertinent time is a question of law." *Kerman v. City of New York*, 374 F.3d 93, 108-09 (2d Cir. 2004).

Here, plaintiff has failed to present evidence that Selsky violated a right belonging to plaintiff that was clearly established at the time in question. For constitutional purposes, due process requires only that a hearing officer's decision be supported by "some evidence." *Sira v. Morton*, 380 F.3d 57, 69 (2d Cir. 2004) (quoting *Superintendent v. Hill*, 472 U.S. 445, 455 (1985)). In the case at bar, Selsky had before him the written administrative record, including the original misbehavior report and the hearing officer's statement of reasons for his decision. Even if those did not constitute "some evidence" in support of the guilty finding for constitutional purposes (and I make no finding in that regard), there is no basis in the record or in the case law upon which to conclude that a reasonable person in Selsky's position would have known that at the time of his affirmance. *See Vega v. Smith*, 66 N.Y.2d 130, 140 (1985) ("the written [misbehavior] reports were sufficiently

relevant and probative to constitute substantial evidence supporting the determinations that respondents violated institutional rules").[3]

**CONCLUSION**

Defendant's motions to dismiss (Dkt. #4) and for summary judgment (Dkt. #24) are granted, and the complaint is dismissed. Plaintiff's motion for summary judgment (Dkt. #13) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
March 22, 2010.

---

[3]Plaintiff's administrative appeal also raised an array of claims alleging bias on the part of the hearing officer, denial of witnesses and evidence, and so on. Dkt. #24-3 at 6-8. Those claims were asserted in conclusory fashion and I conclude that, to the extent that those allegations form a basis for plaintiff's claims against Selsky, Selsky is entitled to qualified immunity with respect to those claims as well.